## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NEZELDA JOHNSON,

      **Plaintiff,**

  v.

LINCOLN HARRIS, LLC,
LINCOLN PROPERTY
COMPANY, and JOHN DOE OR
ABC CORPORATION, AN
UNKNOWN OWNER,
OPERATOR, OR OTHER ENTITY,

      **Defendants.**

           **1:15-cv-3979-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendants Lincoln Harris, LLC

("Lincoln Harris") and Lincoln Property Company's ("Lincoln Property")

(together, "Defendants") Motion to Dismiss [3] Plaintiff Nezelda Johnson's

("Plaintiff") Complaint [1.1 at 1-4].  Also before the Court is Plaintiff's "Motion

for Leave to File First Amended Complaint to Add Defendants USM, Inc. and

E's Lawn Care, Inc." [5] ("Motion to Amend").

## I. BACKGROUND

This personal injury action arises from a slip-and-fall accident that occurred

while Plaintiff was employed at the Bank of America branch located at

1200 Mount Zion Road, Morrow, Georgia (the "Premises").  Defendants own or manage the Premises.  USM, Inc. ("USM") maintains the irrigation system at the Premises, and E's Lawn Care, Inc. ("E's Lawn Care") performs snow and ice removal at the Premises.  Plaintiff alleges that, on January 3, 2014, she was spreading rock salt on the sidewalk surrounding the Premises when she slipped, fell and was injured.  Plaintiff asserts that "Defendants had negligently left the irrigation system running after hours" and the "water froze leaving an ice hazard." (Compl. ¶ 7).

On October 15, 2015, Plaintiff, a Georgia citizen, filed her Complaint in the State Court of Clayton County, Georgia, asserting a single claim for negligence.

On November 3, 2015, Sedgwick Claims Management Services, Inc., on behalf of USM, sent Plaintiff a letter which states that Lincoln Harris notified USM of Plaintiff's claim; that USM "is a general contractor who retained subcontractor, E's Lawn Care[], to perform the snow and ice removal at the [Premises;]" and that USM notified E's Lawn Care and its insurer of Plaintiff's claim.  ([5.1]).

On November 13, 2015, Defendants filed their Answer, which states that the irrigation system at the Premises was maintained by USM.  (Ans. ¶¶ 7, 15).

On November 13, 2015, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted.  Defendants argue that Plaintiff "had equal, if not superior, knowledge of the alleged 'ice hazard.'" (Motion to Dismiss at 2).

On November 16, 2015, Defendants removed the Clayton County Action to this Court based on diversity of citizenship.  (Notice of Removal [1]).  Defendants allege that Lincoln Property is incorporated, and has its principal place of business, in Texas.  (Id. ¶ 9).  Defendants assert that Lincoln Harris has three members: LPC Commercial Services Enterprises, Inc., which is incorporated, and has its principal place of business, in Texas; The Harris Group of Carolinas, Inc., which is incorporated, and has its principal place of business, in North Carolina; and John W. Harris, who is a citizen of North Carolina.  (Id. ¶ 8 & n.1).  Defendants argue that complete diversity exists among the parties because Plaintiff is a citizen of Georgia, Lincoln Property is a citizen of Texas, and Lincoln Harris is a citizen of Texas and North Carolina.  Defendants assert that the amount in controversy exceeds the $75,000 jurisdictional threshold because Plaintiff seeks to recover, among others, past medical expenses and Plaintiff "received a knee replacement as a result of the fall and incurred medical expenses in excess of $100,000."  (Id. ¶ 5).

On November 24, 2015, Plaintiff filed her Motion to Amend, which seeks to add USM and E's Lawn Care as defendants.  Plaintiff's proposed Amended Complaint [5.4] states that USM is incorporated in Georgia and has its principal place of business in Connecticut, and that E's Lawn Care is incorporated in Georgia.[1]

## II.     DISCUSSION

### A.     Legal Standard

28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  A court may not allow joinder that defeats diversity and then retain jurisdiction over the matter.  See Ingram v. CSX Trans., Inc., 146 F.3d 858, 862 (11th Cir. 1998).

District courts in the Eleventh Circuit have relied on factors suggested by the Fifth Circuit to determine whether to permit a plaintiff to join a diversity-defeating defendant.  Those factors include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment

---

[1]     Plaintiff does not state where E's Lawn Care has its principal place of business.

is not allowed, and any other factors bearing on the equities." <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987); <u>see also</u> <u>Bechtelheimer v. Cont'l Airlines, Inc.</u>, 776 F. Supp. 2d 1319, 1321–22 (M.D. Fla. 2011) (applying <u>Hensgens</u> factors); <u>Smith v. White Consol. Indus., Inc.</u>, 229 F. Supp. 2d 1275, 1279 (N.D. Ala. 2002) (same); <u>Jarriel v. Gen. Motors Corp.</u>, 835 F. Supp. 639, 641 (N.D. Ga. 1993) (same).  The decision to join a non-diverse party is within the discretion of the court and the inquiry is less strict and more flexible than the analysis of necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure.  <u>See</u> 14C Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3739 (4th ed. 2009).

B.    <u>Analysis</u>

1.    <u>Extent to which the purpose of amendment is to defeat federal jurisdiction</u>

There is no evidence to support that the claims against USM and E's Lawn Care are not "new," or are manufactured to defeat diversity.  In her original Complaint, Plaintiff included as fictitious defendants the "unknown owner and/or operator or other entity who owned and/or maintained the [premises]," and the proposed Amended Complaint now identifies those entities, USM and E's Lawn Care, which Defendants identified as culpable parties.  The Court concludes that the purpose of Plaintiff's proposed Amended Complaint is not to defeat the Court's

5

diversity jurisdiction, but to add parties identified by Defendants as potentially responsible for the acts alleged by Plaintiff.

      2.    <u>Whether Plaintiff has been dilatory in asking for amendment</u>

Plaintiff filed her Complaint on October 15, 2015.  It is undisputed that Plaintiff did not learn the names of the companies that were responsible for the irrigation system until she received the November 3, 2015, letter.  Plaintiff filed her Motion to Amend on November 24, 2015, just three (3) weeks later, and only eight (8) days after Defendants removed the action to this Court.  The Court finds that Plaintiff was not dilatory in seeking to add USM and E's Lawn Care as defendants.  <u>Cf.</u> <u>Jarriel</u>, 835 F. Supp. at 641 (noting that a two-month delay in seeking to add a defendant is not dilatory).

      3.    <u>Whether Plaintiff will be significantly injured if amendment is not allowed</u>

If amendment is not allowed in this case, Plaintiff faces the prospect of maintaining a separate lawsuit in state court.  The two lawsuits, both based entirely on state law, would be duplicative and would unnecessarily waste the resources of the parties and the judicial system.  Courts within this Circuit have concluded that such parallel litigation would constitute "significant injury" under <u>Hensgens</u>.  <u>See</u> <u>El Chico Rests., Inc. v. Aetna Cas. & Sur. Co.</u>, 980 F. Supp. 1474, 1485 (S.D. Ga.

1997); Jarriel, 835 F. Supp. at 641-42.  The Court finds that Plaintiff would be significantly injured if the amendment is not allowed.

### 4. Other factors bearing on the equities

In addition to considering the factors listed above, Hensgens instructs that a court should consider "any other factors bearing on the equities."  Hensgens, 33 F.2d at 1182.  Defendants argue that Plaintiff's Motion to Amend should be denied as futile because Plaintiff's proposed amendment does not "cure the factual defect . . . that [P]laintiff had superior knowledge of the ice hazard" and therefore cannot state a viable claim for relief.  (Defs' Resp. [9] at 6).  The Court disagrees.

Plaintiff moves, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to amend her Complaint.[2]  Rule 15(a)(2) provides that "[t]he court should

---

[2]     Rule 15(a)(1) permits a plaintiff to file one amended complaint, as a matter of course, within twenty-one (21) days of either service of the original complaint, or the defendant's filing a responsive pleading or Rule 12 motion to dismiss. Fed. R. Civ. P. 15(a)(1).  Outside of these time limits, an amended complaint may be filed only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Although Plaintiff was entitled to amend her Complaint as a matter of course, because she is represented by counsel and chose to file a motion for leave to amend, Plaintiff "waived the right to amend as a matter of course."  See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (plaintiff represented by counsel waives the right to amend her complaint as a matter of course if she chooses to file a motion to amend instead of filing the amended complaint as a matter of course); compare Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (district court abused its discretion when it denied *pro se* plaintiff's motion to amend when plaintiff filed his motion before court dismissed his complaint and before any responsive pleadings were filed).

freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

"There must be a substantial reason to deny a motion to amend."  Laurie v. Ala. Ct.

of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).  "Substantial reasons

justifying a denial include 'undue delay, bad faith, dilatory motive on the part of

the movant, undue prejudice to the opposing party . . . [and] futility of amendment.

Id. (quoting Foman v. Davis, 371 U.S. 178, 185 (1962)).  "Leave to amend a

complaint is futile when the complaint as amended would still be properly

dismissed or be immediately subject to summary judgment for the defendant."

Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).  "The decision whether

to grant leave to amend a complaint is within the sole discretion of the district

court."  Laurie, 256 F.3d at 1274.

Defendants contend that, because Plaintiff alleges that she fell while

spreading rock salt on the sidewalk, Plaintiff necessarily must have known that the

sidewalk was icy, and thus she had superior knowledge of the hazard and cannot

state a viable claim for relief.  Under Georgia law, in a claim for negligence based

on a slip-and-fall accident, "[t]he true basis of a proprietor's liability for personal

injury to an invitee is the proprietor's superior knowledge of a condition that may

expose the invitee[] to an unreasonable risk of harm.  *Recovery is allowed only*

*when the proprietor had knowledge of the hazard and the invitee did not.*"

Petrosky v. Embry Crossing Condominium Assoc., Inc., 643 S.E.2d 855, 860

(Ga. Ct. App. 2007) (emphasis added) (alteration in original).

      Here, Plaintiff alleges that Defendants "left the irrigation system running

after hours" and that she "had no knowledge of the unsafe and dangerous

condition"—that is, the ice she alleges accumulated when the irrigation system

sprayed the sidewalk with water that later froze. (Compl. ¶¶ 7, 11). Although it

could be inferred that Plaintiff was spreading rock salt because she knew there was

ice on the sidewalk, Plaintiff asserts that it was "part of her normal duties at the

bank when there was freezing temperatures" and there is no evidence that Plaintiff

knew or should have known that the sidewalk was wet or icy. (Pl's Resp. to Defs'

Mot. to Dismiss [6] at 4). At this stage in the litigation, the Court accepts

Plaintiff's factual allegations as true and considers the allegations in the Complaint

in the light most favorable to Plaintiff. See Hishon v. King & Spalding,

467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir.

2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (To state a plausible claim for

relief, the plaintiff must plead factual content that "allows the Court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.");

Cockrell, 510 F.3d at 1310. On the record before it, the Court cannot find as a

matter of law that Plaintiff had superior knowledge of the ice she asserts caused her fall.  The Court concludes that Plaintiff's proposed amendment is not futile.

The Court finds that the <u>Hensgens</u> factors support granting Plaintiff's Motion to Amend.[3]  Having determined that USM and E's Lawn Care should be added as defendants, complete diversity no longer exists because Plaintiff is a Georgia citizen, and newly-added defendants USM and E's Lawn Care are also Georgia citizens.  The Court therefore lacks subject matter jurisdiction over this action, and it is required to be remanded to the State Court of Clayton County, Georgia.  <u>See</u> 28 U.S.C. § 1447(e); <u>Ingram</u>, 146 F.3d at 862.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [3] Plaintiff's original Complaint is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint to Add Defendants USM, Inc. and E's Lawn Care, Inc. [5] is **GRANTED**.

---

[3]     Because Plaintiff's Amended Complaint is now the operative pleading in this action, Defendants' Motion to Dismiss is denied as moot.  <u>See, e.g.,</u> <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the State Court of Clayton County, Georgia.

**SO ORDERED** this 9th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE